UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LENORA D. MONTGOMERY,

Plaintiff,

v.

WILLIAM J. HENDERSON,
Postmaster General,

Defendant.

CIVIL NO. 01-35 (JMR/JMM)

**ORDER**

Plaintiff has filed a Complaint seeking relief under Title VII of the Civil Rights Act of 1964 (as amended). The matter is before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP application shows that she is currently employed, but it provides no information about her current income, even though the application form (at § 2.a.) includes a specific inquiry about the amount of her "take-home salary or wages and pay period." The application also fails to indicate whether Plaintiff has any assets, because the section of the form that elicits such information (§ 5) has not been completed. (The application indicates that Plaintiff is living in a home and buying another one, which suggests that she must have some assets of value.)

Because Plaintiff has not properly completed her IFP application form, it cannot be determined whether she is truly unable to pay the statutory filing fee and other costs. Plaintiff's IFP application will therefore be denied.

FILED JAN 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and she will therefore be given an opportunity to submit a new IFP application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). In the alternative, of course, Plaintiff may pay the regular filing fee of $150.00.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by February 9, 2001, she will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application (Docket No. 2) is **DENIED WITHOUT PREJUDICE**; and

2. Plaintiff shall pay the regular filing fee or file an Amended IFP Application, on or before February 9, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: January 12, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge