UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LENORA D. MONTGOMERY,

Plaintiff,

v.

WILLIAM J. HENDERSON,
Postmaster General,

Defendant.

Civil 01-35 (JMR/FLN)

**ORDER**

Plaintiff has filed a complaint alleging that her employer, the U.S. Postal Service, has violated her rights under the federal Equal Employment Opportunity Act. (Docket No. 1.) Her complaint was accompanied by an application for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) That application was denied, however, because Plaintiff did not adequately demonstrate that she was financially eligible for IFP status. (See Order dated January 12, 2001; [Docket No. 3].) Plaintiff was given an opportunity to file an Amended IFP Application that would provide more complete information about her current financial status. Her new application (Docket No. 4) was filed on January 16, 2001, and the matter is now before the Court for the purpose of reconsidering Plaintiff's eligibility for IFP status.

Plaintiff's Amended IFP Application shows that she is currently employed (by the U.S. Postal Service), but it does not clearly state how much money she is earning.[1] The

[1] The Court's previous order specifically noted that Plaintiff had failed to complete section 2.a. of her original IFP application form, which requires the applicant to state the amount of his or her "take-home salary or wages and pay period." Even though section 2.a. of the application form was brought to Plaintiff's attention, she still failed to complete

FILED ... 01 2001
... CLERK
JUDG...
DEPUTY CLERK

current application does indicate, however, that Plaintiff has earned over $26,000 during each of the past two years. Because there is no indication that Plaintiff's income has diminished, it must be inferred that she is still earning approximately $26,000 per year. Plaintiff represents that she has no significant assets, and that she provides support for two children. It does not appear that she has any other notable financial benefits or obligations.

Given Plaintiff's current income level, (as indicated by her Amended IFP Application), the Court cannot conclude that she is indigent. She has not explained why she cannot pay the filing fee and costs of service of process using her current income. Therefore, Plaintiff's Amended IFP Application will be DENIED.

Plaintiff will be given an opportunity to pay the normal $150 filing fee, and if she chooses to do so, she will be allowed to pursue her claims as a non-IFP litigant. If Plaintiff pays the $150 filing fee within twenty (20) days after the date of this Order, the action will be allowed to proceed. If she fails to pay the full amount of the filing fee within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Amended IFP Application, (Docket No. 4), is **DENIED;** and

---

that section properly on her Amended IFP Application.

2. Plaintiff shall pay the full filing fee of $150 within twenty (20) days after the date hereof, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: JAN 31, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge